Pee, CuRIAM.
 

 The plaintiff had relief by a decree of this court, at the present term, and was proved to be a pauper. The decree secured to him a small tract of land of about 10 acres, of little value. Y. Balch, the principal defendant, * resides beyond the limits of this State. The court is. applied to for the decree to be modeled so as to make the defendant ultimately liable for the costs, but the plaintiff to be liable in the first instance. The court were informed from the bar that the former judges of this court had decided that poor persons might still sue on
 
 forma pauperis,
 
 notwithstanding the act of 1787, ch. —, which only extended to suits instituted by application to the clerk, but not to .those instituted by previous application to the court on behalf of poor persons not able to give security for costs. The present court now express much pleasure on hearing of that decision. It rescued the jurisprudence of the country from the imputation of severity and inattention to the circumstances of that portion of the community who most needed the interposition of courts of justice. And it is a construction which, upon reflection since we have heard of this decision, we think may fairly be made. Taking the law to be so, we shall consider of its application to the case now before us. In actions at law, a pauper must be admitted to sue
 
 in forma pau-peris
 
 before the commencement of the action, and cannot allege pauperism afterwards. He is to be dispaupered if he pay any fee to counsel, or sell any part of the expected recovery. But causes in equity are on a different footing ; the costs are discretionary, and not governed by inflexible rules, as at law. The court may, at the termination of the suit, inquire into the circumstances of the plaintiff, and, because of his poverty, may consider him in their directions in the article of. costs ; and in such case are not bound to follow the modern precedents, making the plaintiff first liable where the defendant, who otherwise would be primarily liable resides out of the State. We will depart from that rule on the present occasion, making an exception to it in favor of a poor man, whose recovery would be engulfed by it and sacrificed, whilst at the same
 
 *425
 
 time * his possibility of reimbursement from the defendant might never be realized. The officers of the court, and others entitled to the costs, may as well look to this remote defendant as the poor plaintiff, who had just cause for applying to the law, and who has fewer means, both in point of information and pecuniary qualifications, enabling him to do so effectually. We will not even make him pay costs for making John Balch a party, though he turned out not to be a purchaser of the lands at all, as by the bill he was supposed to be, from Y. Balch. The suit became necessary by the misconduct of Y. Balch; and the plaintiff was bound to make parties all such persons as were reasonably suspected of being voluntary purchasers. The mistake does not appear to be willful, and is incidental to the principal suit. Judge RoaNE dissented to the payment by Y. Balch of the .costs caused' by this mistake. The decree was that Y. Balch should pay all costs.
 

 See King’s Digest, 9940; Code, 3192-95.